# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:17-cv-588-FDW
# (3:12-cr-188-FDW-21)

| | |
|---|---|
| FRANKLIN ROBBS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, the Court finds that this is an unauthorized, successive petition, and the Court therefore dismisses the Motion to Vacate.

### I.  BACKGROUND

On April 26, 2013, pro se Petitioner Franklin Robbs pled guilty in this Court, pursuant to a written agreement, to conspiracy to commit racketeering, in violation of 18 U.S.C. § 1962(d). (Crim. Case No. 3:12-cr-188-FDW-21, Doc. No. 460: Acceptance and Entry of Guilty Plea). This Court subsequently sentenced Petitioner to 132 months in prison. (Id., Doc. No. 875: Amended Judgment).

On July 6, 2016, Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255. (Id., Doc. No. 1056). On September 21, 2017, this Court denied and dismissed the motion to vacate with prejudice on the merits and as time-barred as to some of his claims. (Id., Doc. No. 1085). Petitioner filed the instant motion to vacate on August 11, 2017. In the pending motion,

Petitioner seeks to have this Court correct its judgment to reflect this Court's alleged statement at sentencing that Petitioner should be given credit for time-served during the 712 days that he was incarcerated in the Mecklenburg County Detention Center (from June 6, 2012, to May 19, 2014), before he began serving his federal sentence. (Id., Doc. No. 1080 at 1-3).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner filed the instant motion to vacate on August 11, 2017, seeking to have this Court "correct" his judgment to reflect that he should be credited with time-served in the Mecklenburg County Detention Center before he began serving his federal sentence. Petitioner filed a previous motion to vacate the same conviction and sentence, and this Court denied the motion to vacate. Thus, this is a successive petition. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Petitioner has not shown that he has obtained the permission of the Fourth Circuit Court of Appeals to file a successive petition. See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"). Accordingly, this successive petition must be

2

dismissed.[1]  See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

In any event, this Court notes that Petitioner has already filed a motion in his underlying criminal action, in which he sought the same relief he seeks here, and this Court has already denied the motion.  See (Crim. Case No. 3:12-cr-188-FDW-21, Doc. No. 1055, Doc. Entry Dated July 7, 2016).  Thus, to the extent that Petitioner intended to bring this action as a motion in his underlying criminal action, and not as a Section 2255 action, the motion is denied for the same reasons that the Court denied his previous motion.

**IV.  CONCLUSION**

For the foregoing reasons, the Court will dismiss Petitioner's Section 2255 Motion to Vacate for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit Court of Appeals to file the motion.  Alternatively, his motion seeking for this Court to correct the judgment to reflect time-served has already been denied in Petitioner's underlying criminal action, and it is therefore moot.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** as a successive petition.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.  See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell,

---

[1] The petition also appears to be time-barred under Section 2255(f)(1).

537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: October 16, 2017

Frank D. Whitney
Chief United States District Judge